IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | Civil Action No. 9:17-2083-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Tyger River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Lee Foster is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Petitioner's petition be summarily dismissed as successive and without requiring Respondent to file a return . (ECF No. 17).[1] Petitioner was advised of his right to file objections to the Report. (ECF No. 17 at 7). Petitioner filed objections (ECF No. 19).

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

In this Petition, Petitioner challenges his 2008 criminal conviction in Spartanburg County, South Carolina. As the magistrate judge noted, Petitioner has previously filed a § 2254 habeas petition in regard to this conviction, *Foster v.Reynolds*, No. 9:14-3853-TMC-BM (D.S.C. filed Oct. 2, 2014), and he has not received authorization to file a successive petition from the Fourth Circuit Court of Appeals. Therefore, as the magistrate judge determined, this court has no jurisdiction to consider the instant § 2254 Petition. *See In re Williams*, 444 F.3d at 236-37 (4th Cir. 2006); *United States v. Winestock*, 340 F.3d at 205 (4th Cir. 2003). Reviewing Petitioner's objections, Petitioner has not addressed the court's lack of jurisdiction.

After a thorough review, the court adopts the Report (ECF No. 17) and incorporates it herein by reference. Therefore, the habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 17, 2018
Anderson, South Carolina